IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELEKTRA ENTERTAINMENT GROUP, INC., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )   CASE NO. 2:06-cv-633-MEF ) |
| DAN BENN, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs bring this action for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*. Plaintiffs filed the complaint on July 18, 2006, and it was served on August 7, 2006; Defendant's answer was due on August 28, 2006. On September 12, 2006, Plaintiffs requested that the clerk enter a default against Defendant, which the clerk entered on September 21, 2006 (Doc. # 6). On September 26, 2006, Plaintiffs filed an Application for Entry of Default Judgment by the Court (Doc. # 8), which was construed as a motion for default judgment. This matter is now pending before the Court on that motion.

Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Once this has occurred, "the party entitled to a judgment by default shall apply to the court therefor." Fed. R. Civ. P. 55(b)(2). The clerk's entry of default causes all well-pleaded

allegations of facts to be deemed admitted. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). If the defendant's liability is well-pleaded in the complaint, it is established by the entry of default against him. *Id.*

If the Court determines that default judgment can be granted, the Court then turns to the issue of damages. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1364 n.27 (11th Cir. 1997). "If, in order to enable the court to enter judgment . . . it is necessary to take an account or to determine the amount of damages . . . the court may conduct such hearings or order such references as it deems necessary and proper . . . ." Fed. R. Civ. P. 55(b)(2). However, the Court may award damages without a hearing where the "amount claimed is a liquidated sum or one capable of mathematical calculation," and there is "a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985).

In accordance with the foregoing, it is hereby ORDERED as follows:

1. The Application for Entry of Default Judgment by the Court (Doc. # 8), construed as a motion for default judgment, is GRANTED.

2. Default judgment is hereby ENTERED against Defendant Dan Benn.

3. A hearing to determine damages will be set for November 14, 2006, at 9:00 a.m.

DONE this the 16th day of October, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE