IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; and ATLANTIC RECORDING CORPORATION, a Delaware corporation,<br><br>        Plaintiffs,<br><br>vs.<br><br>DAN BENN,<br><br>        Defendant. | Civil Action No.: 2:06-cv-00633-MEF-VPM |

**PLAINTIFFS' MOTION TO CANCEL DAMAGES HEARING**

Plaintiffs respectfully move this Court for an Order dispensing with the default judgment damages hearing scheduled pursuant to the Court's Order of October 16, 2006. (Doc. #9.) In support of this motion, Plaintiffs state as follows:

Plaintiffs understand that the purpose of the damages hearing is to allow the Court to determine the appropriate damages under § 504 of the Copyright Act. Plaintiffs respectfully submit that this hearing is unnecessary, because Plaintiffs are seeking only minimum statutory damages, the precise amount of which are determined by statute, and because the number of violations has already been determined by the entry of default. Specifically, under § 504 of the Copyright Act, which expressly grants copyright holders the right to elect between actual and

173043.1    1

statutory damages, Plaintiffs are entitled to statutory damages regardless of whether they offer any proof of actual damages. 17 U.S.C. § 504. Here, Plaintiffs have elected statutory damages for the nine sound recordings listed in Exhibit A to the Complaint, and Defendant has had full notice of the amount of statutory damages available under the Copyright Act. Accordingly, there is nothing for Plaintiffs to prove at the scheduled hearing and no evidence to be presented. *See BMG Music v. Gonzalez*, 430 F.3d 888 (7th Cir. 2005) (holding that there are no issues of fact to be decided where a copyright plaintiff is seeking minimum statutory damages and where liability has already been determined). As such, Plaintiffs respectfully request that the Court cancel the damages hearing.

**I.    BACKGROUND**

On July 18, 2006, Plaintiffs filed suit against Defendant for engaging in massive copyright infringement on the Internet. Plaintiffs served Defendant with the Complaint by substitute service on August 7, 2006. Defendant failed to respond to the Complaint. Accordingly, Plaintiffs filed a Request to Enter Default by Clerk, which was granted on September 21, 2006. (Doc. #6.) Plaintiffs filed notice of this request. (Doc. #7.) Defendant never filed anything with the Court and never responded to Plaintiffs' notice.

Plaintiffs then filed an Application for Entry of Default Judgment by the Court (the "Application") and Proposed Default Judgment and Permanent Injunction. (Doc. #8.) Defendant never filed anything with the Court and never contacted Plaintiffs. In the Application, Plaintiffs requested an injunction, $6,750 in statutory damages for nine copyright violations, and costs in the amount of $420.00. (*Id*.) The Court granted the Application for Default Judgment on October 16, 2006, which established Defendant's liability, *see Adams v. Fid. & Cas. Co.*, 920 F.2d 897, 898 (11th Cir. 1991), and ordered the subject damages hearing. (Doc. #9.)

## II.     DISCUSSION

### A.     Under § 504 of The Copyright Act, Plaintiffs are Entitled to Statutory Damages Regardless of Whether Plaintiffs Offer Any Proof of Actual Damages, and, therefore, No Prove Up is Required.

The Copyright Act expressly grants the copyright holder the right to elect between actual and statutory damages. Section 504(a) of the Copyright Act provides that "an infringer of copyright is liable for . . . (2) statutory damages, as provided by subsection (c)." Section 504(c), in turn, provides that "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504.

The Copyright Act, thus, grants the copyright holder the ability to choose between actual and statutory damages and – just as clearly – prohibits a court from awarding an amount less than a minimum of $750 per infringement. *Island Software & Computer Serv. v. Microsoft Corp.*, 413 F.3d 257, 262-63 (2d Cir. 2005); *Atl. Recording Corp. v. Brown*, 2006 U.S. Dist. LEXIS 69461 (N.D. Ga. Sept. 26, 2006). Therefore, under current copyright law, although the Court continues to have "wide discretion in determining the amount of statutory damages to be awarded," the Court is "constrained [] by the specified maxima and minima" set forth in the Copyright Act. *Columbia Pictures Industries, Inc. v. Krypton Broad. of Birmingham, Inc.,* 259 F.3d 1186, 1194 (9th Cir. 2001), *cert. denied*, 534 U.S. 1127 (2002).

Here, Plaintiffs have elected statutory damages. As noted above, it is well-settled that Plaintiffs are entitled to statutory damages once liability is established, regardless of whether they offer any proof of actual damages. *See, e.g., Russell & Stoll Co. v. Oceanic Electrical Supply Co.*, 80 F.2d 864 (2d Cir. 1936) ("[Statutory damages] are in lieu of actual damages . . .

[and] a court may use them without proof of the quantum of the loss."); *accord Macklin v. Mueck*, 2005 U.S. Dist. LEXIS 18026 (S.D. Fla. Jan. 28, 2005) (A plaintiff electing statutory damages waives any proof of actual damages); *Wechsberg v. United States*, 54 Fed. Cl. 158, 167 (Ct. Cl. 2002) ("If the copyright owner seeks no more than minimum statutory damages, the record on damages need not reflect much, if anything, more than a finding of infringement."). As a matter of efficiency and fairness, in this case, Plaintiffs have decided to accept the minimum statutory damages available for the copyright violations of the nine sound recordings listed on Exhibit A to the Complaint. Furthermore, Plaintiffs have agreed to forego the opportunity to seek statutory damages above the minimum permitted by the Copyright Act.

Because Plaintiffs have elected the minimum statutory damages in this case and because liability has already been determined, there are no fact issues for this Court to decide, and the actual damages suffered by Plaintiffs, regardless of their amount or how they might be measured, are irrelevant. *See Gonzalez,* 430 F.3d 888; *see also Twin Peaks Prods. v. Publ'ns Int'l, Ltd.*, 996 F.2d 1366, 1380 (2d Cir. 1993) (a plaintiff's exercise of its right to elect statutory damages against the defendant eliminates from the case all issues concerning actual damages recoverable from the defendant); *Myers v. First Tenn. Bank, N.A.*, 2000 U.S. Dist. LEXIS 4177, at *9 (M.D. Ala. Mar. 30, 2000) ("Statutory damages are recoverable without either proof or recovery of actual damages."); *accord Los Angeles News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) (opining that a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or the profits reaped by defendant, in order to sanction and vindicate the statutory policy of discouraging infringement); 4 M. Nimmer & D. Nimmer, NIMMER ON COPYRIGHT, § 14.4[A], at 14-44-45 (2002) ("[T]he copyright owner may elect to recover statutory damages, instead of actual damages and

173043.1    4

Defendant's profits. He may, moreover, make such an election regardless of the adequacy of the evidence offered as to his actual damages and the amount of Defendant's profits, and even if he has intentionally declined to offer such evidence, although it was available").

In light of these settled principles, in more than 500 similar cases throughout the country, other federal courts have routinely entered default judgments at the statutory minimum amounts requested by plaintiff recording companies without the need for a hearing. *See, e.g., Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-64 (1st Cir. 2002); *Motown Record Co. v. Armendariz,* 2005 U.S. Dist. LEXIS 32045 (W.D. Tex. Sept. 22, 2005) (explaining that "[a]n award of statutory damages does not require an evidentiary hearing" because defendant's default by itself establishes a basis for the requested statutory damages). Plaintiffs seek the same here in the interests of efficiency and economy for both the Court and the parties.

### III. CONCLUSION

Because Plaintiffs' election of minimum statutory damages for copyright infringement obviates any need to prove actual damages, Plaintiffs respectfully request that the Court award Plaintiffs the statutory minimum to which they are entitled without holding a damages hearing, plus the costs that Plaintiffs have previously documented.

Respectfully submitted,

DATED:   October 23, 2006

s/ Kelly F. Pate
Dorman Walker (Bar # WAL086)
Kelly F. Pate (Bar # FIT014)
BALCH & BINGHAM LLP
105 Tallapoosa St., Suite 200
P.O. Box 78 (36101-0078)
Montgomery, Alabama 36104
Telephone: (334) 269-3130
Fax: (334) 313-6056

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I, the undersigned hereby certify that a true and correct copy of the above and foregoing was served via United States mail to the following, this the 23rd day of October, 2006.

    Mr. Dan Benn
    4000 Oak Street
    Montgomery, AL 36105

                                    /s Kelly F. Pate
                                    Of Counsel